Mr. Zelensky, is that correct? That's correct, Your Honor. I have one right this morning. I've heard many various iterations, so that one's acceptable. If it pleases the Court... We do want you to address the jurisdictional issue, so maybe you should start with that. Good, because that was my plan. I planned to address the jurisdictional issue right off the bat for the order from January 3rd. If it pleases the Court, I want to first talk about specifically some of the overarching themes in the recently decided Kleckner matter. If you read the tone and tenor of that case, basically what the Court is saying is it's doing away with a lot of these labyrinthine rules and regulations, these overlapping administrative bodies that eventually lead to a lot of confusion among individuals and employment law attorneys alike who are trying to navigate these waters. Basically, what that decision was saying was that we're going to get rid of a lot of the confusion and really simplify. Now, in the present matter, we have MSPB jurisdiction is very specific. It talks about suspensions of 14 days or longer, removals, demotions, or furloughs. Think of that. Okay. Well, the statute itself, when referring to 7702 in particular, the statute itself says, has been affected by an action which the employee or applicant may appeal to the MSPB and alleges that was the basis for discrimination. So, you have, has been affected by an application that may be appealed to the MSPB. If something, if the MSPB doesn't have jurisdiction over it, it may not be appealed to the MSPB. You contrast that with Part B, which says, alleges discrimination. So, it seems to me that the difficulty is that the statute itself seems to pretty clearly say that MSPB would have to have jurisdiction over it, and then there's an allegation of jurisdiction. That's discrimination. That's correct, Your Honor, and you're exactly right in that that's what happened in this case. There was a coerced retirement, which is removed from the statute. Well, but that presumes that we agree with you that there's a coerced retirement. That's correct. So, if we don't agree, the first question of jurisdiction is, if there's no coerced retirement, it's strange to say that we have to go, should it be in the regional circuit, or should it be with us? So, you agree that if you have not established a coerced retirement, what does that mean? Well, and this is... There's no jurisdiction. It's simple, right? Correct. I understand that that is, the MSPB determined there was no jurisdiction in this case. However, this is the first time that it is, we're saying that it's not in its case because there's not jurisdiction. Well, wait, wait, wait. Let's go back to square one here, because I want to make sure I understand the building blocks that we're working. If an appeal is taken to the MSPB in which the MSPB plainly does not have jurisdiction, let's say just to take, in this case, there was a letter of reprimand. Suppose the appellant filed an MSPB appeal from the letter of reprimand. MSPB says, this isn't appealable to us under 75-12-13. And where does her appeal from that decision go? She says that the letter of reprimand was issued for discriminatory reasons. Where does that appeal go? That would go to the district court. The district court, even though the MSPB did not have jurisdiction. So, right? That's your contention? Yes, that's my contention. I guess... How do you get around the requirement that Klockner emphasizes several times, and that Judge Moore mentioned, that the 7702A1A requires that the employee has been affected by an action which the employee may appeal to the Merit Systems Protection Board, which would not include the letter of reprimand? So, in your example, a letter of reprimand or, say, a one-day suspension, we'll use that. That, in and of itself, automatically would not be able... Say she went to the EEOC, which is what happened in this case, automatically the EEOC would say, you do not have a mixed case appeal. In our underlying matter, the agency itself, in dismissing her in a finding of no discrimination, said, you have a mixed case appeal. You may appeal to the MSPB. But that doesn't answer the question. That may be what the agency says, and typically they say you can go A, B, or C, just because they don't want to foreclose somebody's options to go places. That doesn't mean that that agency that they're pointing you to has jurisdiction. If... Come back again to my case of the reprimand. You say the reprimand appeal goes to the District Court. Are you sure you want to stand on that? You want to reconsider whether that ought to go to the Federal Circuit? I guess the... As we agree... Sure. ...in the MSPB. I guess the distinction that I'm making between that and what we have here is... Well, wait. Let's make sure where we are. Are you now saying that you think, yes, that could go to the Federal Circuit on appeal? I do because it's not something... Not the District Court. ...that could be alleged. That's not even something that could be alleged to... That could not even be claimed to be... Well, then suppose it's a two-week suspension, and therefore it's a little ambiguous as to whether the requisite... What is it? Fifteen days? You know, it's... Fourteen. Fourteen days. Okay. But it's two weeks, so the argument is, well, it's only ten days or whatever. So there's an argument that the MSPB has jurisdiction, but the MSPB says, no, we've got a law that says two weeks means two weeks... Fourteen days means fourteen days and whatever. We don't have jurisdiction over this. Which court gets the appeal? I would say that that would come here, Your Honor. Okay. Yeah, I'm sorry. All right. That would come here. All right. This is a case in which the MSPB has looked at the case and concluded that this is not a removal case. This is a case of somebody who just left. We don't have jurisdiction over cases in which people just left. Why doesn't that, just like the suspension case or the reprimand case, come here? Because in the instant case, I guess the difference would be what we have is the MSPB taking evidence, taking arguments, and then determining that it, in fact, can't even look at the evidence and the arguments to make a determination that it cannot even look at that. Basically, my point is this is analogous to an MSJ, where you have an allegation that falls under the purview of the MSPB. I was terminated. Then what you do is then you try and attempt to prove that you have jurisdiction to the MSPB. What I'm saying is, and maybe that's a carved out exception to the instance of a mere letter of reprimand, where you have a good case. I think there's another answer to the question. That is that under our decision in Garcia, as a result of the jurisdictional issue requiring proof by a preponderance of the evidence, that to a significant extent, the jurisdictional issue and the merits are the same issue. The jurisdictional issue and the issue of discrimination are the same issue. The discrimination issue in many, if not most, if not all cases, would have to be decided as part of the jurisdictional issue. The involuntary retirement is different from Judge Bryson's hypotheticals because it necessarily requires a resolution of the discrimination claim, which would resolve it as part of the jurisdictional issue, both for jurisdiction and the merits. There would seem to be an argument under those circumstances that the appeal should go to the district court because it involves resolving the discrimination claim. You like that? Yeah, yeah. That's good. Absolutely put, Your Honor. Finally, just on the plain language, and by the way, I know that the underlying argument from Klockner, thank you for correcting me on that, the position of the representative for Klockner also argued that the jurisdictional issue, and I understand that's not part of the underlying decision, but the jurisdictional issues, especially in a case such as a constructive determination or constructive retirement, should also be held under the same standards as Klockner, which, under the opinion of the court on page 14, under room and room of force, a federal employee who claims that an agency action appealable to MSPB violates an judicial review in district court, not in the federal court. So just based on the plain meaning of that, she claimed involuntary retirement, which is an action that's appealable to MSPB. That's not the letter of reprimand or anything that's not under specific jurisdiction. I say that's where I'm drawing the distinction. So one is analogous to an MSJ, a motion for summary judgment, where you bring something in court, it has a good faith claim, some sort of violation of pertinent and germane statute, but is dismissed for whatever reason, due to it did not rise to the level of harassment, it wasn't severe and pervasive, whatever that may be, but you still may hear it. That's different. May I move you on to the merits of your case? You have a limited amount of time, and I want to make sure you have a chance to address the merits. Absolutely. So, would you explain why many of the instances that you point to, it seems to me, arise after September, when your client announced her intent to retire. Do I have the dates right? September? September. The actual date for retirement was not yet... Well, no, I thought in September she actually articulated that she would retire in December. And that is what is contained in the papers, and... Well, that's the record. Absolutely. Okay. So, what I can tell you to that is that the... I guess what I'm wondering is, why doesn't that rule out your use of the October reprimand in the November letter of reprimand? Why are those off the table? Because, how can you say she was coerced to do something when the alleged coercive act occurred after she did it? Well, that goes into really the discrimination claims, which is sort of a lot of the confusion, because you have discrimination claims in the MSPB realm. That goes to, and you can use that as background information to show the escalating nature of the treatment of her. What happened before she announced the retirement? So, you had a number of things that happened... Sure. You had a number of things happen with retirement, 14 different things, including... But before she announced in September. Sure. So, it began with a parking space being taken away. But they took away every single non-military person's parking space. She wasn't targeted in any way. Well, okay, and then number two, her former supervisor left. She was not fleeted up, so she was not chosen for the position as normally had happened in the past. There was an issue of her, and when you talk about harassment, it doesn't have to be necessarily one thing. It can be a culmination of events or a series of incidents. Yeah, that's true. Sure. But let's talk about the incidental pattern that occurred before the announcement. So, she was denied a training that was approved for others. She was denied this training that was fairly routine. She was falsely reprimanded in emails in October. And those are after. Sure. I understand. I understand, yeah. Which ones happened before? All of the first three I said, which was the reconsideration. After she filed for reconsideration, the parking space was taken away. When her former manager left, she was not fleeted up into that position. Rather, a lieutenant was placed there instead, and she was denied a training. So, those would be the things that happened prior to the October date that Judge Moore was talking about. And the test is, would a reasonable person feel compelled to resign under those circumstances? A reasonable person in the same situation feel compelled to resign, exactly, Your Honor. Right. By virtue, and I guess since we're talking about prior to the resignation, submission of resignation papers, by virtue of the parking space not being promoted and not having requested the training opportunities that you requested. Right. Yes, Your Honor. And this is someone who is a 39-year employee who had never had any sort of issue, no prior reprimand, no prior write-up, no prior issue anywhere. And, you know, I think that should go in. I did not see that as being something that was salient in the underlying decision. To me, it defies credulity that someone of that long of a tenure would all of a sudden begin to have a lot of performance issues. And that's just someone I want to bring to the Court's attention. Okay. We'll give you three minutes for rebuttal. Okay. Thank you. Ms. Conforto. Good morning. May it please the Court. The Board correctly found it did not have jurisdiction in this case. Excuse me. Ms. Conforto did not. Well, what about our jurisdiction? Let's talk about that first. Let's start with the Klockner issue. Yes. Your Honor, our position is that Klockner does not affect cases like this one that the Board dismissed for lack of jurisdiction because those cases are not mixed cases under the definition in 5 U.S.C. Section 70702A. Well, why not? If we're dealing with an involuntary retirement under our decision in Garcia, you have to prove that the retirement was involuntary in order to have jurisdiction. It isn't a non-frivolous allegation standard. And so don't you have to adjudicate the discrimination issue in order to resolve the jurisdictional question? And therefore, doesn't that suggest that since you are addressing the discrimination issue, that it ought to go to the District Court? No. And for two reasons. First of all, you don't always, in fact, have to adjudicate the discrimination issue. The Board's case law says that you only adjudicate discrimination in an involuntary action so far as it goes towards that involuntariness. And in this case, in particular, the discriminations of allegation were so weak that they were not even part of the general rule. And so, I think that's a good point.  I mean, I'm not sure that it's irrelevant because let's take the parking space in the training. Suppose the supervisor had said to her, and what do we have, age and sex discrimination here? He said, well, we're not giving you parking space because you're a woman. And we're not giving you training because you're a woman. And wouldn't that come close to creating a situation in which there was the kind of coercion? I mean, is the parking space standing alone? I agree that it's difficult to see that as coercive. But if you put the discriminatory motive in there, doesn't it change things considerably? I don't think so. I think it makes it certainly a stronger case, a much stronger case of discrimination. Well, doesn't it make it a much stronger case of coercion, too? No, it doesn't because it's still not severe enough in action to force somebody to retire. The discriminatory motive is irrelevant? The action itself has to be severe enough that it would cause a reasonable person to retire. But doesn't the discriminatory motive make it more severe? It may, but it still does not make it severe enough. Well, what would you do? Let's change the facts a little. I mean, there certainly are going to be some cases and your suggestion is that this is one of them, but there are going to be some cases in which somebody says, I didn't get some benefit that I think I was entitled to. By the way, I was being discriminated against, but that benefit is not one that was denied. It's manifestly clear that that benefit was not denied on a discriminatory basis, and therefore the board says, without even talking about discrimination, we don't have jurisdiction because you didn't have an involuntary resignation. Okay, there would be a category of those cases. But suppose that what you've got is a sexual harassment case in which the person said, I had to quit because I was being sexually harassed to an extraordinary extent. And that's why, even though I was not removed, my involuntary departure is within the board's jurisdiction. And the board then decides, no, we disagree. We've looked at the sexual harassment claims and we don't think there's anything to it. Which court does that appeal go to? Us or the district court? I think that would be a much stronger case that it was. Which way would you decide that case? You're speaking for the government on an issue in which we have to address this whole realm of cases because we've got a new world now after Kleckner. And I really want to know whether this is a uniform rule that the government is advocating, saying if the MSPB concludes it doesn't have jurisdiction, you go here. If the MSPB concludes that it does have jurisdiction and it's a mixed case, you go to the district court. And if the MSPB, or if the MSPB decides that it lacks jurisdiction but the determination that it made on involuntariness was involved with the discrimination, as per Judge Dyke's example, then you go to the district court. I believe we are advocating a uniform rule. These cases, if we find that we do not have jurisdiction, it is not a mixed case. So your answer to my question is that my case would go to this court? That's correct. How can that be? How can that be what Congress intended? When the MSPB is deciding the discrimination claim on the merits and that's the basis for its decision, how can that be that Congress intended that that would come here under Kleckner? Well, I think under that scenario, the MSPB is not deciding the discrimination claim on the merits. Well, it is. It's saying there was no involuntary retirement because there was no sexual harassment. I respectfully disagree. I think that in that case, the board would be saying there was no involuntary retirement because the actions alleged were not severe enough. And to the extent that they considered discrimination as part of the analysis, it did not. But take a hypothetical in which they say, we've considered this, we have tried to determine whether there was sexual harassment. We conclude that there was not, that the employee has not shown sexual harassment by a preponderance of the evidence, and therefore, the retirement is not involuntary, and therefore, we lack jurisdiction. My point is, if the board were to say that, I agree that would be a determination of the merits. My point is that the board does not do that. The board stands— It says we lack jurisdiction because there was no proof of sexual harassment. The board does not consider whether or not there was harassment, except as to the extent necessary to determine its jurisdiction. Well, but under Garcia, you have to prove jurisdiction by a preponderance of the evidence. In order to prove jurisdiction in those circumstances, don't you have to prove that the sexual harassment occurred? No, I don't think you do. No? No, you don't. You look at the action, and under Garcia, and under the Cruise v. Department of the Navy case that Garcia cites extensively, both of those cases say repeatedly that the board cannot adjudicate allegations of discrimination unless it first finds that it has jurisdiction over the alleged adverse action. No, but that's not true. Garcia says you've got to prove jurisdiction by a preponderance of the evidence, and that means you've got to prove that it was involuntary by a preponderance of the evidence, and the allegation was that it is involuntary because it was the result of sexual harassment. How can they avoid the sexual harassment question and whether it happened? Because it's not merely sexual harassment. Having a claim of sexual harassment alone would not get you before the MSPB. You have to also have a claim of an alleged adverse action. The underlying adverse action is an allegation that there was involuntary retirement caused by sexual harassment in the workplace. In that case, and the MSPB addresses that question and says there's no jurisdiction because there was no sexual harassment. It hasn't proved by a preponderance of the evidence that the retirement was involuntary because there was no sexual harassment. Where does that case go? I still think that case would come here, and part of what Garcia addressed in the cases before it addressed is who is the respondent in those cases, and that's the distinction that is made there to how intertwined the merits and jurisdictional issues may be. But usually the cases that come before us, you can't simply say there was sexual harassment and there was nothing else. There has to be some sort of alleged adverse action. We're talking about a category of cases of involuntary retirement, and 7702 is implicated because there's an allegation that the adverse action, i.e. involuntary retirement, was the result of discrimination. That's the category of cases we're talking about. I understand that, and I agree it's a closer question, but I still think that under the plain language of the statute, which says 7702A1A, the employee has to have been affected by an action that is appealable to the board, that that is a jurisdictional requirement, and if the employee does not prove that for whatever reason, it is not a mixed case, and therefore it is not affected by Klockner. Could you tell me, in response to the merits, why the actions that were cited by the opponent lawyer were not enough to create the coercive environment in the government's view? All of the actions, or merely the actions that occurred before? Should the actions that occur after automatically be off the table? She announced an intent to retire. Maybe she announced an intent to retire because she was feeling a bit coerced, and then the reprimand sure drove that point home for her, so she actually did go ahead and retire, because she seemed to be waffling on retirement throughout the record. She announced earlier she was going to retire, but gave no date, didn't retire, so couldn't it be possible that some events that occur afterwards may be crystal clear to you? You may not have felt entirely coerced before, but you sure do by the time you walk out the door in December. That's possible. She submitted the December 31st date in September. She actually submitted the paperwork in October. Are employees absolutely bound by that, or couldn't they retract it? Can she, up until December 30th, say, you know what, I'm going to withdraw my retirement? I believe you can, but I'm not certain. You can. You can. But even if you were to consider all of the actions that took place before December 31st when she actually retired, none of those actions, either individually or cumulatively, were severe enough to be a reasonable reason to retire. What about the reprimand? I mean, the reprimand sort of adds quite a bit to the calculation, doesn't it? Well, I mean, you could see how that would make her feel uncomfortable, but the board's case law and the court's case law are very strict. They impose a very strict standard. But suppose it were based on sex discrimination? She was reprimanded because of her sex. She was denied a parking space because of her sex. She was denied training because of her sex. That wouldn't make out a case of involuntary retirement? No, because even if that were the case, she has alternatives to retirement. The case law speaks of a retirement that is truly coerced, that leaves the employee no choice, and that a choice between two unpleasant alternatives is not coercive. She had alternatives. She could have filed a grievance. She could have filed an EEOC complaint. She did. In fact, she did do that, but then she retired before it actually made its way to its conclusion, and it is that eventual conclusion that she feels. I'm sorry, but this just can't be the standard. I mean, suppose that there has to be a situation in which a work environment can be so hostile she doesn't have to follow through with the complaint and grievance route. There has to be a point in time when the actions can be so coercive. I think that's true, but I don't think that's the case. Okay, well, I was misunderstanding what you were saying. I thought you were sort of suggesting... No, and I apologize if I gave an impression. For example, with the parking spot. If she had alleged that they took away her parking spot but she was disabled, that she had no means to get to work unless she was able to park in this exact spot, that could be coercive. But that's not what she said. She said, they took away my parking spot. They did these other things to me. I think it was because of age. I think it was because of sex. But there were no... Not only was there nothing really to support that, but all of those actions simply were not severe enough to leave her no choice but to retire. She had other choices. She even exercised some of those choices, but then she retired before she followed them all the way through. Are we supposed to accept the allegation that these actions were taken because of sex or age because there was no jurisdictional hearing? There was no jurisdictional hearing here because... So are we supposed to accept the allegation that these things happened as a result of age or sex? That's true? For the purposes of determining jurisdiction, yes. However, all her allegations did not rise to the level of non-frivolous and therefore she was not entitled to... That's not the test. Well, that's a test for whether or not you're entitled to a hearing. Certainly it's not the test for jurisdiction itself. You do have to prove by preponderance of the evidence. In thinking about this, it strikes me that there are a range of possible scenarios, one of which is that the discriminatory conduct was directly the cause of the departure. In my case, it's sexual harassment. The person is harassed. The person says, I've had it. I can't stand this environment anymore. I'm out of here. The second, and maybe this case is an example of that, is a case in which there is conduct which the person finds to be coercive, the denial of a parking spot, a reprimand and so forth. The conduct, the coercive conduct, is why the person is leaving and the person's further theory, not the reason the person is leaving, but the person's further theory for the reasons that those steps were taken and that those steps were inappropriate and therefore the reason that the, ultimately the removal was inappropriate was because they were motivated by discrimination. Should those two cases be treated differently? Do you understand the distinction between them? I believe so, but I don't think they should for the reason that in both cases there are still alternatives, assuming that in fact there are. Well, I'm asking for purposes of jurisdiction. I'm returning to the jurisdictional question. Should the first former of those two cases go to the district court and the latter come here? No. We get into some mighty fine mind splitting, but what's your answer? My answer is no, they should be treated the same because in both cases the test is whether there was an alternative. That's the test of whether there was coercion or not. And even if there was this severe harassment, there are still alternatives. You can pursue, you can... Well, I understand, but in terms of whether, in terms of the jurisdictional question, the consequence of saying that you take all of these cases to the federal circuit is that we end up adjudicating, in effect, adjudicating sexual harassment cases because what we would be saying is that when the board said, for example, this level of harassment is not high enough. We don't really believe the Supreme Court was serious when it said that harassment at this level is enough to constitute an actionable form of discrimination. It has to be at an even higher level. If that's what the board says, we get that claim. We're adjudicating a discrimination claim, aren't we? Counsel, don't we already adjudicate discrimination claims before she was removed? There was no question about the fact that it's an action appealable to the board and the removal was, she alleges, because of discrimination. Wouldn't that come to us? No, I don't think it would. No? That would be a mixed case. That would be a mixed case. That's quite essentially a mixed case. If there's no question about the board's jurisdiction. Do we ever decide discrimination? No, in fact, because those cases, usually plaintiffs have to apologize for the way the discrimination... Doesn't it trouble you with what Judge Bryson's saying? It does trouble me, but I... Because suddenly we're going to be deciding discrimination and clearly Congress intended for us not to. Well, in theory, we have been all along. It's just the question whether Kleckner says we shouldn't do it anymore. I just... I still don't think that you're deciding discrimination in the same way that you would be doing on the merits. You're looking at it only insofar as deciding whether the board has jurisdiction and it's not... But that resolves the merits. It also resolves the merits because of the standard of proof that is required to establish jurisdiction, right? Not always. Not always, but sometimes at least. I think you could... you could have a hypothetical in which that would happen and I think in most of these cases that is rare. Would it be... It wouldn't be law of the case, would it? Meaning... So we decide as to go to the regional circuit, they're not bound by the determination? No.     on the discrimination claims. Okay. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. You have three minutes. Thank you, Your Honor. Briefly, I'd just like to point out one of the issues that came up was the reprimand on page 81 of the joint appendix. The appellant in this case even wrote  this is harassment related to the reprimand. I mean, this is how serious she took this. What we have here is the Here, we have two and what Congress intended is we have two separate administrative bodies related to individual employee rights. And these are allow them to allow individual employees to prosecute their individual civil rights against a large government. You have the MSPB,  The EEOC generally deals with Title VII discrimination claims. What you have here in this case is the MSPB de facto in its own case in a de facto manner deciding that sexual harassment gender harassment age harassment and reprisal did not occur. And therefore since they did not occur the Well wait a minute, is that right though? I mean, are they deciding that? Or are they deciding that someone who loses their parking place whatever the reason whatever the motivation whatever the animus that may have been behind the deprivation of the parking place and somebody who is is denied training is not somebody  is going to be forced out of the job. Well, if you look if you look at harassment what harassment is you have to determine whether it's severe and pervasive enough to have affected the employment. That is a determination one way or the other. Let me put it let me let's again go to a hypothetical and say suppose all that had been done is that she had been denied a request for an office by herself and and the agency said we we haven't given anybody at your level a single office in 25 years. And she says ah but I think in my case this is harassment this is discrimination. She goes to the board right and she says I was forced to leave because they wouldn't give me a bigger office and the board says no no that's silly nobody would leave for that that reason. She says well but you know the underlying motivation was discrimination. Does that convert the board's decision into a decision on discrimination that belongs on review to the district court? I think it does I think because you are dealing because you have to make a determination the MSPB judge is going to have to make a determination whether it rises to the level of sexual harassment or it does not. There's going to be a determination that's going to be made and that's what the MSPB judge in this case was doing. Why? They're making a determination quite apart from the reason that she was denied the bigger office as to whether somebody who's denied a bigger office would feel compelled to leave. Now it may be a component of that inquiry that she may feel well the reason suggests that not only will I not get a bigger office but I'm in for a lot of trouble in the future because I believe these people are going to discriminate against me in the future but with respect to the question of whether the office is enough to justify somebody leaving that seems to have nothing really directly to do with the discrimination doesn't it? My answer to that would be just the fact that you're engaging in that process would make it a determination on the underlying discrimination merits. Thank you very much your honors. I appreciate it. Thank you both counsel.